IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

UNITED STATES OF AMERICA,

v.                                                           Criminal Case No. 3:25cr5

DESMOND MIKAL HAWKINS,

    **Defendant.**

## MEMORANDUM OPINION

This matter comes before the Court on Defendant Desmond Mikal Hawkins's Motion to Dismiss Counts One of the Indictment (the "Motion to Dismiss" or "Motion"). (ECF No. 19.)[1] In the Motion, Mr. Hawkins contends that his indictment under 18 U.S.C. § 922(g)(1)[2] is unconstitutional both facially and as applied to him because laws that restrict a felon from possessing a firearm as a felon "violate[] his Second Amendment right to keep and bear arms." (ECF No. 19, at 1.) For the reasons articulated below, the Court will deny the Motion. (ECF No. 19.)

---

[1] The Court employs pagination assigned by the CM/ECF docketing system.

[2] Section 922(g)(1) provides:

  (g) It shall be unlawful for any person—

    (1) who has been convicted in any court of, a crime punishable by imprisonment for a term exceeding one year;
        \*    \*    \*

to ship or transport in interstate or foreign commerce, or possess in or affecting commerce, any firearm or ammunition; or to receive any firearm or ammunition which has been shipped or transported in interstate or foreign commerce.

18 U.S.C. § 922(g)(1).

## I. Factual Background and Procedural History

### A. Factual Background

"On August 10, 2024, Mr. Hawkins was arrested by officers from the Richmond Police Department[.]" (ECF No. 19, at 3.) On January 21, 2025, Mr. Hawkins was indicted "for possessing a gun as a felon in violation of 18 U.S.C. § 922(g)(1)." (ECF No. 19, at 3.) At the time of his arrest, "Mr. Hawkins had a conviction for statutory burglary in 2012 and a conviction for possessing marijuana with the intent to distribute in 2015." (ECF No. 19, at 3.)

### B. Procedural History

On January 10, 2025, the United States issued a criminal complaint charging Mr. Hawkins with one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 1, at 1.) An arrest warrant was issued the same day. (ECF No. 2.) Mr. Wilford was arrested and had his initial appearance on January 21, 2025. (ECF No. 4.) On the same day, a grand jury indicted Mr. Hawkins on one count of Possession of a Firearm by a Convicted Felon in violation of 18 U.S.C. § 922(g)(1). (ECF No. 7, at 1.) On February 21, 2025, Mr. Hawkins filed the Motion to Dismiss. (ECF No. 19.) The United States responded to the Motion. (ECF No. 21.)

## II. Standard of Review

### A. Motion to Dismiss Indictment Under Fed. R. Crim. P. 12

Federal Rule of Criminal Procedure 12 allows parties to "raise by pretrial motion any defense, objection, or request that the court can determine without a trial on the merits." Fed. R. Crim. P. 12(b)(1). Mr. Hawkins raises facial and as-applied challenges to the constitutionality of § 922(g)(1), arguing that it violates the Second Amendment. (ECF No. 19, at 1.) "Fed. R. Crim. P. 12(b)(3)(B) permits a court to dismiss a defective indictment. An indictment is defective if it

2

alleges a violation of an unconstitutional statute." *United States v. Brown*, 715 F.Supp.2d 688, 689 (E.D. Va. 2010) (citing *In re Civil Rights Cases*, 109 U.S. 3, 8–9 (1883)); *see also United States v. Hill*, 703 F.Supp.3d 729, 732 (E.D. Va. 2023).

### B.  Facial and As-Applied Challenges

"To succeed in a facial constitutional challenge, a movant 'must establish that no set of circumstances exists under which the [law] would be valid.'" *United States v. Hosford*, 843 F.3d 161, 165 (4th Cir. 2016) (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)); *see Wash. State Grange v. Wash. State Republican Party*, 552 U.S. 442, 449 (2008) (stating that a facial challenge can only succeed when a party shows "that the law is unconstitutional in all of its applications"). "Because of this stringent standard, a facial challenge is perhaps 'the most difficult challenge to mount successfully.'" *Hosford*, 843 F.3d at 165 (quoting *Salerno*, 481 U.S. at 745).

"By contrast, '[a]n as-applied challenge requires only that the law is unconstitutional as applied to the challenger's case[.]'" *Hill*, 703 F.Supp.3d at 733 (quoting *United States v. Mgmt. Consulting, Inc.*, 636 F.Supp.3d 610, 619 (E.D. Va. 2022)). An as-applied challenge must be "based on a developed factual record and the application of a statute to a specific person." *Richmond Med. Ctr. for Women v. Herring*, 570 F.3d 165, 172 (4th Cir. 2009) (en banc).

### III.  Analysis

Mr. Hawkins contends that his indictment should be dismissed because the statute under which he is indicted, 18 U.S.C. § 922(g)(1), is unconstitutional both facially and as applied. Mr. Hawkins argues that § 922(g)(1) is unconstitutional as applied to him because: (1) "[t]he Second Amendment's plain text protects the right of 'the people,' such as Mr. Hawkins, to keep and bear arms"; and (2) there is "no 'historical tradition,' circa 1791, of gun regulations 'distinctly

similar' to § 922(g)(1)." (ECF No. 19, at 7, 15.) He suggests that *United States v. Rahimi*, 602 U.S. 680 (2024), establishes that the Second Amendment's plain text applies to him as one of the people entitled to keep and bear arms. (ECF No. 19, at 1–2.)

This Court already has carefully considered and rejected many of the arguments Mr. Hawkins raises in his Motion. *United States v. Holbert*, ---F.Supp.3d---, 2025 WL 242537 (E.D. Va. Jan. 19, 2025) (holding that under an analytical framework permissible even after *Rahimi*, existing Fourth Circuit caselaw upholding the constitutionality of § 922(g)(1) both facially and as-applied to all felons remains binding) (citing *United States v. Canada*, 123 F.4th 159 (4th Cir. 2024) ("*Canada II*") and *United States v. Hunt*, 123 F.4th 697 (4th Cir. 2024)). The Fourth Circuit has precluded both arguments Mr. Hawkins brings.

When considering its earlier decision in *United States v. Canada* on remand, the Fourth Circuit declared 18 U.S.C. § 922(g) facially constitutional. *Canada II*, 123 F.4th at 161; *see also Holbert*, ---F.Supp.3d---, 2025 WL 242537, at *3. Shortly afterward, the Fourth Circuit declared Section 922(g)(1) constitutional as applied "without regard to the specific conviction that establish[es a felon's] inability to lawfully possess firearms." *Hunt*, 123 F.4th at 700; *see also Holbert*, ---F.Supp.3d---, 2025 WL 242537, *3. Not only did the Fourth Circuit reject the need for a "felony-by-felony" analysis, but it also deemed Section 922(g)(1) constitutional as applied under the Supreme Court's *Bruen* analysis. *Hunt*, 123 F.4th at 700–08 (holding that "neither *Bruen* nor *Rahimi* meets this Court's stringent test for abrogating otherwise-controlling circuit precedent and that our precedent on as-applied challenges thus remains binding" and that § 922(g)(1) would survive Second Amendment scrutiny even under a *Bruen* analysis); *see also Holbert*, ---F.Supp.3d---, 2025 WL 242537, *5–7 (both citing *New York State Rifle & Pistol Ass'n, Inc. v. Bruen*, 597 U.S. 1 (2022)).

This Court sees no reason to deviate from its prior analysis and instead adopts in full the reasoning previously set forth in *United States v. Holbert*, including its *Bruen* commentary. *See Holbert*, ---F.Supp.3d---, 2025 WL 242537.

### III. Conclusion

For the foregoing reasons, the Court will DENY Mr. Hawkins's Motion to Dismiss. (ECF No. 19.)

An appropriate Order shall issue.

Date: 3/6/25
Richmond, Virginia

/s/
M. Hannah Lauck
United States District Judge